**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**DIANE SILHANEK**,

Plaintiff,

v.

**NYFF EVENTS, LLC**, a corporation, and **CAL NATHAN**, **JOSH GLATT**, and **JONATHAN GLATT**, individuals,

Defendants.

**Docket No. 15-cv-04762**

**COMPLAINT AND JURY DEMAND**

## COMPLAINT AND JURY DEMAND

Plaintiff, DIANE SILHANEK, by and through her attorneys, JTB LAW GROUP, LLC, as and for her Complaint against Defendants NYFF EVENTS, LLC ("NYFF" or the "Defendant Corporation"), CAL NATHAN, JOSH GLATT, and JONATHAN GLATT (collectively, the "Individual Defendants"), alleges of her own knowledge as to her conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff DIANE SILHANEK, a former employee of Defendants, brings this action to recover unpaid commissions she earned during the period 2012-2014, which are still owed to her by Defendants. Defendants failed to pay Plaintiff these commissions, in violation of New York Labor Law ("NYLL") §§ 190 *et seq.* By their failure to pay these

commissions, Defendants are also liable to Plaintiff for breach of contract. Alternatively, Defendants are liable to Plaintiff under claims of quantum meruit or unjust enrichment.

2. Plaintiff worked as an event planner for Defendants from approximately August 2006 until March 2014.

3. Plaintiff was paid a weekly salary, plus commission on events that she planned.

4. Plaintiff worked on a team with another event planner.

5. Together, they were paid a commission of 15% of the net profit from all events that they planned.

6. For most of the time that she was employed by Defendants, Plaintiff received one-third of that commission, and the other event planner received the other two-thirds. Thus, Plaintiff was paid a commission of 5% (one-third of 15%) of the net profit from all events that her team planned.

7. For most of the time that she was employed by Defendants, Plaintiff was also paid a salary of $550 per week.

8. The payment arrangement described above was in effect from August 2006 until January 2012.

9. In 2011, Plaintiff brought Defendants business with a company called Reckitt Benckieser (“RB”).

10. In January 2012, Defendants began withholding the commissions Plaintiff earned on RB events, in violation of the NYLL and the payment arrangement that had been in effect since August 2006.

11. Defendants continued to withhold Plaintiff’s RB commissions until March 2014, when Plaintiff left Defendants’ employ.

12. When Plaintiff ended her employment, Defendants had withheld a total of $56,754.08 in earned RB commissions.

13. Now, more than a year later, Defendants have not paid Plaintiff the RB commissions she earned.

14. Defendants' conduct is in violation of NYLL §§ 190 *et seq.* As a consequence of these violations, Plaintiff seeks damages of $56,754.08; liquidated damages of $56,754.08; and damages of $5,000.00 for Defendants' ongoing violation of NYLL § 195(1)(a), pursuant to NYLL § 198(1-b).

15. For these violations of the NYLL, Plaintiff also seeks attorneys' fees and costs, pursuant to NYLL § 198(1-a).

16. Plaintiff also seeks damages of $56,754.08 for Defendants' breach of their contract with Plaintiff.

17. Plaintiff also seeks pre-judgment interest of 9%, and such other legal and equitable relief as the Court deems just and proper.

18. In the alternative, Defendants are liable to Plaintiff under quantum meruit or unjust enrichment, in the amount of $56,754.08 or in such other amount as is determined at trial; interest at 9%; and such other legal and equitable relief as the Court deems just and proper.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different States.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiff*

21. At all relevant times herein, Plaintiff Diane Silhanek was, and currently is, a resident of Middlesex County, State of New Jersey.

22. Plaintiff was employed by Defendants from approximately August 2006 until March 2014.

*Defendants*

23. Defendant Corporation is a domestic limited liability corporation organized and existing under the laws of the State of New York, with a principal place of business located at 381 Park Avenue South, Suite 1201 New York, NY 10016.

24. The Individual Defendants are partners in the business of Defendant Corporation.

25. None of the Individual Defendants is a resident of the State of New Jersey.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*
*Or, In The Alternative, Constitute A Single Employer*

26. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

27. Defendants were Plaintiff's employers, as that term is defined in NYLL § 190(3).

28. Plaintiff was an employee of Defendants, as that term is defined in NYLL § 190(2).

29. Plaintiff worked for Defendants as a commission salesperson, as that term is defined in NYLL § 190(6).

30. At all relevant times, the Individual Defendants, together and/or separately, possessed operational control over Defendant Corporation; possessed an ownership interest in Defendant Corporation; and/or controlled significant business functions of Defendant Corporation.

31. At all relevant times, Defendants were associated and joint employers, acted in the interest of each other with respect to employees of Defendant Corporation, paid employees by the same methods, and shared control over the employees.

32. At all relevant times, Defendants jointly employed Plaintiff and all similarly situated individuals, and were their employers.

33. In the alternative, Defendants constituted a single employer of Plaintiff and all similarly situated individuals.

*Plaintiff*

34. Plaintiff was employed as an event planner by Defendants from approximately August 2006 until March 2014.

35. Plaintiff was hired by Defendants with the understanding that she would be paid a weekly salary, plus commission on events that she planned.

36. From approximately August 2006 to December 2011 Plaintiff was paid the salary and 5% of the net profit from events she planned.

37. Plaintiff was never provided the notice required by NYLL § 195(1)(a).

38. As an event planner, Plaintiff contacted potential clients to solicit their business and sold event services to those clients. Once a sale was made, Plaintiff would then plan the

particulars of that event, sometimes coordinating with outside vendors to obtain décor and other items necessary for the event that NYFF did not have in its inventory.

39. Plaintiff worked on a team with another event planner. Her team was paid a commission of 15% of the net profit from all events that they planned. For most of the time that she was employed by Defendants, Plaintiff was paid one-third of that commission, and the other event planner was paid the other two-thirds. Thus, Plaintiff was paid a commission of 5% (one-third of 15%) of the net profit from all events that her team planned.

40. For most of the time that she was employed by Defendants, Plaintiff was also paid a salary of $550 per week.

41. Because her principal work activity for Defendants was the selling of the services of NYFF, and her earnings were based in part on commissions, Plaintiff was a commission salesperson as that term is defined in NYLL § 190(6).

42. The payment arrangement was never reduced to a writing that was signed by Plaintiff.

43. In 2011, Plaintiff brought in business from and began planning events for a company called Reckitt Benckieser ("RB").

44. In January 2012, Defendants began withholding the commissions Plaintiff earned on RB events, in violation of the payment arrangement that had been in effect since August 2006.

45. Defendants withheld these commissions without prior notice to Plaintiff.

46. Defendants continued to withhold Plaintiff's RB commissions until March 2014, when Plaintiff left Defendants' employ.

47. When Plaintiff ended her employment, Defendants had withheld a total of $56,754.08 in earned RB commissions, as follows:

| | *Total* | *Plaintiff's share (1/3)* |
|---|---|---|
| RB commissions earned in 2012 | $9,264.19 | $3,088.06 |
| RB commissions earned in 2013 | $36,044.09 | $12,014.70 |
| RB commissions earned in 2014 | $124,953.95 | $41,651.32 |
| **TOTAL 2012-14** | **$170,262.23** | **$56,754.08** |

48. Now, more than a year since she left NYFF, Defendants still have not paid Plaintiff the RB commissions she earned, despite numerous inquiries by Plaintiff.

**COUNT I**
**(Violation of the New York Labor Law, NYLL §§ 190 *et seq.*)**

49. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

50. At all relevant times, Defendants were employers of Plaintiff as that term is defined in NYLL § 190(3).

51. Plaintiff was an employee of Defendants, as that term is defined in NYLL § 190(2), from approximately August 2006 until March 2014.

52. Plaintiff worked for Defendants as a commission salesperson, as that term is defined in NYLL § 190(6).

53. As the result of her work for Defendants, Plaintiff was entitled to and was paid commissions on events that she helped plan.

54. Beginning in January of 2012, and without prior notice, Defendants stopped paying Plaintiff earned commissions on events for RB that she helped plan.

55. Plaintiff's earned commissions are wages as that term is defined in NYLL § 190(1).

56. By failing to pay Plaintiff commissions earned and due to her, and by doing so without prior notice, Defendants violated NYLL §§ 191(1)(c), 191(2), 193(1), and the regulations promulgated thereunder.

57. By virtue of Defendants' violations of the New York Labor Law, NYLL §§ 190 *et seq.*, Plaintiff is entitled to recover from Defendants $56,754.08 in unpaid commissions; liquidated damages in the amount of $56,754.08; interest at 9%; attorneys' fees and expenses; and such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**(Violation of the New York Labor Law, NYLL § 195)**

58. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

59. NYLL § 195(1)(a) provides that "Every employer shall provide his or her employees, in writing … at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other …."

60. NYLL § 198(1-a) provides that, if an employee is not provided with the above-described notice within ten days of her first day of employment, "she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue[d] to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."

61. Defendants did not provide such notice to Plaintiff, at the time of hiring or at any other time during her employment, in violation of NYLL § 195(1)(a).

62. By virtue of Defendants' violations of the New York Labor Law, NYLL § 195(1)(a), Plaintiff is entitled to recover from Defendants $5,000; interest at 9%; attorneys' fees and expenses; and such other legal and equitable relief as the Court deems just and proper.

**COUNT III**
**(Breach of Contract)**

63. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

64. Plaintiff had an agreement with Defendants under which she worked for Defendants as an event planner, and would in turn receive a weekly salary, plus commissions on events that she helped to plan.

65. From August 2006 until January 2012, all parties performed under this contract, in a course of dealing establishing an enforceable contract.

66. Thus, the parties had an enforceable contract.

67. Beginning in January 2012, while Plaintiff was still performing under the contract, Defendants withheld payment of commissions Plaintiff earned on events she helped plan for RB.

68. Plaintiff continued to perform under the contract until she left NYFF in 2014.

69. By withholding and refusing to pay to Plaintiff commissions that she earned on events she helped plan for RB, Defendants breached their contract with Plaintiff.

70. By reason of that breach, Plaintiff has suffered damages of $56,754.08.

71. Accordingly, Defendants are liable for damages of $56,754.08; interest at 9%; and such other legal and equitable relief as the Court deems just and proper.

**COUNT IV (in the Alternative)**
**(Quantum Meruit)**

72. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

73. At all relevant times, Plaintiff performed services for Defendants in good faith reliance on the agreement she had with Defendants.

74. At all relevant times, Defendants accepted Plaintiff's services.

75. In reliance on their agreement, Plaintiff had a reasonable, good faith expectation of compensation for her services in the amount of $56,754.08.

76. Accordingly, Defendants are liable to Plaintiff under quantum meruit in the amount of $56,754.08 or in such other amount as is determined at trial; interest at 9%; and such other legal and equitable relief as the Court deems just and proper.

**COUNT V (in the Alternative)**
**(Unjust Enrichment)**

77. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

78. At all relevant times, Plaintiff conferred a measurable benefit upon Defendants through her work.

79. Defendants thereby benefitted at Plaintiff's expense.

80. Equity and good conscience require restitution for Plaintiff.

81. Accordingly, Defendants are liable to Plaintiff under unjust enrichment in the amount of $56,754.08 or in such other amount as is determined at trial; interest at 9%; and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court provide the following relief:

(A) Judgement against Defendants for $56,754.08, owed to Plaintiff as unpaid wages under NYLL §§ 190 *et seq.*;

(B) Judgment against Defendants for $56,754.08 in liquidated damages under NYLL § 198(1-a);

(C) Judgment against Defendants for $5,000, for violations of NYLL § 195(1)(a);

(D) Judgment against Defendants for $56,754.08, owed to Plaintiff for breach of contract; and

(E) Pre-judgment interest at 9%, and reasonable attorneys' fees and expenses under NYLL § 198(1-a); or

(F) In the alternative, judgment against Defendants for the damages owed to Plaintiff under quantum meruit;

(G) In the alternative, judgment against Defendants for the damages owed to Plaintiff under unjust enrichment; and

(H) Such other legal and equitable relief as to this Court may deem necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 18, 2015
Jersey City, New Jersey

Respectfully submitted,

**JTB LAW GROUP, LLC**

Patrick S. Almonrode
*patalmonrode@jtblawgroup.com*
Jason T. Brown
*jtb@jtblawgroup.com*
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)

*Attorneys for Plaintiff*